81 F.3d 165
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven L. KING, Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, A Corporation, Appellee.
 No. 95-3401.
 United States Court of Appeals, Eighth Circuit.
 Submitted: March 13, 1996.
March 29, 1996.
 
 Before MORRIS SHEPPARD ARNOLD, FLOYD R. GIBSON and HEANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Appellant, Steven L. King, is employed by the Burlington Northern Railroad Company (Burlington). On June 25, 1991, he suffered a back injury while repairing railroad cars. After undergoing physical therapy, King returned to work on July 11, 1991. Claiming that his employer negligently failed to provide him with sufficient assistance, King brought a suit under the Federal Employers' Liability Act, 45 U.S.C. § 51 (FELA) to recover damages. Burlington responded that King failed to work safely by failing to seek help from co-workers, by failing to wait for assistance, and by failing to complain about his inability to accomplish his tasks. The case was tried to a jury, and a verdict was returned in favor of the defendant.
 
 
 2
 On appeal, King argues that the district court failed to properly instruct the jury with respect to the specific duties imposed upon a railroad company by FELA. We will not disturb the verdict so long as the charge, when viewed as a whole, fairly and adequately reflects the applicable law. Resolution Trust Corp. v. Eason, 17 F.3d 1126, 1132 (8th Cir.1994). After a careful examination of the challenged charges, we hold that they are consistent with Eighth Circuit pattern jury instructions, see Manual of Model Civil Jury Instructions--Eighth Circuit 186 (1995), and adequately state the defendant's duties under federal law.
 
 
 3
 Therefore, we affirm.